**GOVERNMENT OF THE VIRGIN ISLANDS, ex rel.,
JUDITH GEORGE-WRIGHT, Petitioner**

**v.**

**ARTHUR RAYMO, JR., Respondent**

Family No. S141/1992

**GOVERNMENT OF THE VIRGIN ISLANDS, ex rel.,
VERONICA FRANCIS, Petitioner**

**v.**

**ARTHUR RAYMO, JR., Respondent**

Family No. S142/1992

**GOVERNMENT OF THE VIRGIN ISLANDS, ex rel.,
LAVERNE DOWLING, Petitioner
ARTHUR RAYMO, JR., Respondent**

Family No. SC03/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 10, 1994

ANGELA FURMAN-BROWN, ESQ., Assistant Attorney General, (Department of Justice), St. Thomas, V.I., *for Petitioner*

GWENDOLYN R. WILDS, ESQ., (Territorial Public Defender) St. Thomas, V.I., *for Respondent*

MEYERS, *Judge*

## MEMORANDUM OPINION

Respondent, Arthur Raymo, Jr., seeks to consolidate the above three captioned cases dealing with support obligations for his children. The Government opposes the consolidation if it means apportioning each child's needs equally, instead of recognizing the individual needs of each child. (Letter of 4/19/94 to Judge Ishmael Meyers from Queen Terry, Esq., Director of the Division of Paternity and Child Support). Because the court finds that Virgin Islands law requires that the cases be consolidated when there are multiple child support obligations imposed upon a single obligor, Respondent's motion will be granted. 16 V.I.C. Section 344(b).

## FACTS

On May 26, 1992, administrative hearings were held in the matters of Judith George-Wright v. Arthur Raymo and Veronica Francis v. Arthur Raymo. Respondent did not appear, and judgment by default was entered in each case. Respondent appealed both judgments to the Territorial Court, where his cases were remanded for new hearings.

A new hearing was held on January 26, 1993, in the Judith George-Wright matter, which was again appealed to the Territorial Court. The Territorial Court heard this matter de novo on April 17, 1993, and ordered Ninety-Six Dollars and Eighty-Four Cents ($96.84) to be withheld from Raymo's pay check bi-weekly.[1]

A new hearing was held on July 27, 1993 in the Veronica Francis matter. Respondent did not appear, and judgment by default was entered against him for Eighty-Five Dollars and Fifteen Cents ($85.15) bi-weekly, which was to be withheld from his pay check.

On May 28, 1993, a third case was filed in the St. Croix Division against Respondent, but that case was not heard until February 15,

---

[1] On December 22, 1993, the Government filed a motion to show cause against Respondent for failing to pay One Hundred Twenty-Five Dollars and Twenty-Two Cents ($125.22) bi-weekly. This amount represents the current support obligation of Ninety-Six Dollars and Eighty-Four Cents ($96.84), plus an additional Twenty-Eight Dollars and Thirty-Eight Cents ($28.38) to be applied to the arrearages.

The Territorial Public Defender was appointed to represent Raymo at the show cause hearing. Following her appointment, Attorney Wilds filed a motion to vacate or modify the judgment, in which she requested the consolidation of Raymo's three (3) support orders.

1994. Respondent appeared at this hearing. The hearing officer reviewed the testimony of the two earlier cases and decided that there was no need to disturb them, since they were well within the mandatory garnishment guidelines of 15 U.S.C. Section 1673(b). In order to remain in compliance with this statute, the hearing officer did two unusual things. First, pursuant to the child support formula of 16 V.I.C. Section 345, Respondent's child support obligation was calculated to be One Hundred Seventy-Five Dollars and Forty-Two Cents ($175.42) per month. The hearing officer, however, entered the following findings:

> "The amount One Hundred Dollars ($100.00) per month is a reasonable amount of child support notwithstanding the child support guidelines. This deviation from the guidelines is believed to be in the best interests of all the parties due to Respondent's limited income."[2]

Second, the hearing officer ordered this amount to be personally paid by Respondent, instead of by the normal method of payroll deduction.[3]

On April 19, 1994, the court heard testimony from both the Government and the Respondent regarding consolidation of these three matters.

## DISCUSSION

The court's main focus is to protect the interests of the three minor children. Although this becomes difficult when the obligor has limited resources and multiple child support obligations, the

---

[2] Judgment of April 17, 1994, Laverne Dowling v. Arthur Raymo, Case No. SC03/1994. The hearing officer felt that a Seventy-Five Dollar ($75.00) reduction was necessary due to Respondent's limited resources. The court disagrees. In light of 16 V.I.C. Section 344(b), Respondent's limited income alone does not constitute sufficient grounds for reduction, especially where there is clear statutory authority for apportionment in the event of multiple support obligations of a single obligor.

[3] Effective January 1, 1994, all child support orders are to be enforced by wage withholding. 42 U.S.C. Section 666(a)(8). This is to assure that withholding as a means of collecting child support is available if arrearages occur without the necessity of returning to court for the collection of the arrearages. Id. Furthermore, the Director of the Division of Paternity and Child Support represented in court that the Virgin Islands will be complying with 42 U.S.C. Section 666(a)(8) as of January 1, 1994. Thus, it was very unusual that the hearing officer refused to impose wage withholding in the Dowling matter.

Federal government, through its regulations, has given the states the authority to provide guidelines to deal with this scenario. Accordingly, 45 CFR Ch. III Section 303.100(a)(5) provides:

> The state must establish procedures for allocation of support among families, *but in no case shall the allocation result in withholding for one of the support obligations not being implemented.* (Emphasis added).

The Virgin Islands Legislature has enacted procedures for the allocation of support in these situations. 16 V.I.C. Section 344(b) provides:

> ... When there is more than one Section 357 notice of withholding against a single obligor, *preference* must be given to payment of all current child support obligations before payment for any child support arrears and if the limits of Section 303(b) of the Consumer Protection Act ... preclude payment in full of all current child support obligations, then *all of the current child support obligations shall be paid on a pro rata basis up to the limits of the Act.* (Emphasis added).

Section 303(b) of the Consumer Protection Act reads in pertinent part:

> "(2) the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed. . . .
> (A) where such individual is supporting his spouse or dependent child 50 per centum of such individual's disposable earnings for that week; ...."

15 U.S.C. Section 1673(b).

This 50% shall be increased to 55% if the earnings are subject to garnishment for child support arrearages that are more than twelve (12) weeks past due. An increase to 55% would apply in this case. Id.

In order to trigger 16 V.I.C. Section 344(b), Raymo's three support obligations must exceed the limits of the Consumer Protection Act.

Respondent's disposable income, which is his gross income minus certain mandatory obligations, must be calculated.[4]

Respondent's child support obligations total Two Hundred Ninety-One Dollars and Fourteen Cents ($291.14) bi-weekly.[5] The imposition of these three support orders by wage withholding would exceed the maximum amount allowed to be garnished. Therefore, 16 V.I.C. Section 344(b) will apply to provide for apportionment among all three support orders.

Since 16 V.I.C. Section 344(b) gives preference to current support orders, George-Wright's support obligation must remain at Ninety-Six Dollars and Eighty-Four Cents ($96.84). Respondent's total current support obligation of Two Hundred Sixty-Two Dollars and Seventy-Six Cents ($262.76) would still exceed the limits of the Act; therefore, this court is precluded from enforcing in full by payroll deduction all of the current support obligations. Consequently, "all of the current support obligations *shall* be paid on a *pro rata* basis." 16 V.I.C. Section 344(b) (Emphasis reapplied).

The Government's strongest contention is that we must recognize the individual needs of each child and that it would be unjust to apportion each child's needs equally. It is apparent that the Government has misread 16 V.I.C. Section 344(b). This section provides for payment on a pro rata basis. Black's Law Dictionary defines pro

---

[4] Raymo's mandatory deductions, on a bi-weekly basis, are as folllows: FICA—Forty Dollars and Seventy-Seven Cents ($40.77); Federal Withholding—Twenty-Four Dollars and Seventy-Two Cents ($24.72); SIU Dues—Five Dollars ($5.00); Insurance—Seventy-Seven Dollars and Seventy-Three Cents ($77.73); and Mandatory Retirement—Forty-Two Dollars and Sixty-Four Cents ($42.64). His mandatory deductions total One Hundred Ninety Dollars and Eighty-Six Cents ($190.86).

At an hourly rate of Six Dollars and Sixty-Six Cents ($6.66), Respondent's gross income bi-weekly is Five Hundred Thirty-Two Dollars and Eighty Cents ($532.80). His disposable income equals Three Hundred Forty-One Dollars and Ninety-Four Cents ($341.94) bi-weekly. Based on the Consumer Protection Act, only One Hundred Eighty-Eight Dollars and Six Cents ($188.06) of Respondent's bi-weekly income can be subjected to garnishment.

[5] This amount includes One Hundred Twenty-Five Dollars and Twenty-Two Cents ($125.22) for George-Wright, Eighty-Five Dollars and Fifteen Cents ($85.15) for Francis and Eighty Dollars and Seventy-Seven Cents ($80.77) for Dowling.

This court does not believe that the law provides for a First In First Out (FIFO) method for the imposition of child support orders. In fact, the language of the statute is in direct contradiction to such a method. Therefore, the court will not reduce the third support order, but will apportion all three orders in accordance with 16 V.I.C. Section 344.

rata as "proportionately; according to percentage." This allows a fair and equitable distribution of limited resources in a percentage that represents each person's share as it relates to the total amount available. Furthermore, this assures the court that its goal is being met on a bi-weekly basis; i.e., each child's interest is being protected, and no child is being deprived because he or she happened to be born at a later time.

In order to arrive at each child's pro rata share, the percentage of each child's portion of the total of all current child support obligations must be calculated. The total bi-weekly child support obligation is Two Hundred Sixty-Two Dollars and Seventy-Six Cents ($262.76). George-Wright's bi-weekly support is Ninety-Six Dollars and Eighty-Four Cents ($96.84), which represents thirty-seven percent (37%) of the total amount. Francis' bi-weekly support is Eighty-Five Dollars and Fifteen Cents ($85.15), which represents thirty-two percent (32%) of the total amount. Dowling's bi-weekly amount (which is the amount determined by the child support formula) is Eighty Dollars and Seventy-Seven Cents ($80.77), which represents thirty-one percent (31%) of the total amount.

Based on these percentages, the court will give each child his or her proportionate share of the One Hundred Eighty-Eight Dollars and Six Cents ($188.06). This is the total amount that can be withheld from Raymo's check without exceeding the limits of the Consumer Protection Act in accordance with 16 V.I.C. Section 344(b).

George-Wright's pro rata share is thirty-seven percent (37%) of the amount available, which equals Sixty-Nine Dollars and Fifty-Eight Cents ($69.58). Francis' share is thirty-two percent (32%) of the amount available, which equals Sixty Dollars and Eighteen Cents ($60.18). Dowling's share is thirty-one percent (31%) of the amount available, which equals Fifty-Eight Dollars and Thirty Cents ($58.30). This brings the total support obligation that can be met by payroll deduction to a total of One Hundred Eighty-Eight Dollars and Six Cents ($188.06), in accordance with the limit set by the Consumer Protection Act. In the event that the Respondent's salary increases, this limit and the allocated amounts will also increase.

## CONCLUSION

The court is not reducing any of the existing support obligations, but is instead apportioning them pursuant to local law. The

excess child support obligation that is not being met at this time will still accrue as arrearages, and Raymo will still be obligated to pay said arrearages. The court finds that the statute regarding apportionment is unambiguous and provides for a fair and equitable determination for the payment of multiple child support orders by a single obligor. In light of the limits imposed by the Consumer Protection Act as incorporated in the local statute, and Respondent's limited resources, the court feels that apportionment serves the best interests of all parties involved, without depriving any of the minor children. An appropriate judgment will be entered accordingly.